**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF VIRGINIA**
**CHARLOTTESVILLE DIVISION**

| | |
|---|---|
| SMART WEARABLE TECHNOLOGIES INC., § § § § Plaintiff, § § v. § § FITBIT, INC., § § Defendant. § | Case No. _____ **JURY TRIAL DEMANDED** |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff SMART WEARABLE TECHNOLOGIES INC. files its Complaint against Defendant FITBIT, INC., alleging as follows:

## THE PARTIES

1. Plaintiff SMART WEARABLE TECHNOLOGIES INC. ("Smart Wearables") is a corporation organized and existing under the laws of the State of Delaware with its principle place of business in the State of Virginia.

2. Upon information and belief, FITBIT, INC. ("Fitbit") is a Delaware corporation organized and existing under the laws of California, with its principal place of business at 405 Howard Street, San Francisco, California 94105-2625. Fitbit may be served with process through its registered agent CT Corporation System at 818 West 7th Street, Suite 930, Los Angeles, California 90017.

## JURISDICTION AND VENUE

3. This is an action for infringement of United States patents. This Court has exclusive jurisdiction of such action under Title 28 U.S.C. § 1338(a).

4. Upon information and belief, Fitbit is subject to personal jurisdiction by this Court. Fitbit has committed such purposeful acts and/or transactions in the State of Virginia that

it reasonably knew and/or expected that it could be hailed into a Virginia court as a future consequence of such activity.  Fitbit makes, uses, and/or sells infringing products within the Western District of Virginia and has a continuing presence and the requisite minimum contacts with the Western District of Virginia, such that this venue is a fair and reasonable one.  Upon information and belief, Fitbit has transacted and, at the time of the filing of this Complaint, is continuing to transact business within the Western District of Virginia.  For all of these reasons, personal jurisdiction exists and venue is proper in this Court under 28 U.S.C. §§ 1391(b)(1), (2) and (c)(2) and 28 U.S.C. § 1400(b).

## PATENT-IN-SUIT

5.     On February 14, 2006, United States Patent No. 6,997,882 B1 ("the '882 Patent") was duly and legally issued for "6-DOF SUBJECT MONITORING DEVICE AND METHOD."  A true and correct copy of the '882 Patent is attached hereto as Exhibit A and made a part hereof.

6.     As it pertains to this lawsuit, the '882 Patent, very generally speaking, relates to systems and methods of monitoring a subject using acquired six degree-of-freedom ("6-DOF") data regarding the subject as well as acquired physiological data of the subject.  Specifically, certain claims of the '882 Patent disclose the use of an acceleration module to obtain 6-DOF data descriptive of the movement of a subject.  The 6-DOF data is synchronized with obtained physiological data, such as the sensed, detected, or measured heart rate of the subject, for example.  The synchronized 6-DOF and physiological data is then displayed.

## FIRST CLAIM FOR RELIEF

### (Patent Infringement)

7.     Smart Wearables repeats and realleges every allegation set forth above.

8.     Smart Wearables is the owner of the '882 Patent with the exclusive right to enforce the '882 Patent against infringers, and collect damages for all relevant times, including the right to prosecute this action.

9.     Fitbit has had knowledge of, or was willfully blind to, the existence of the '882 Patent since the filing of this Complaint, if not earlier.

10. Upon information and belief, Fitbit is liable under 35 U.S.C. §271(a) for direct infringement of the '882 Patent because it manufactures, makes, has made, uses, practices, imports, provides, supplies, distributes, sells, and/or offers for sale products and/or systems that practice one or more claims of the '882 Patent.

11. Upon information and belief, Fitbit is also liable under 35 U.S.C. §271(b) for inducing infringement of, and under 35 U.S.C. §271(c) for contributory infringement of the '882 Patent because it manufactures, makes, has made, uses, practices, imports, provides, supplies, distributes, sells, and/or offers for sale products and/or systems that practice one or more claims of the '882 Patent.

12. More specifically, Fitbit infringes the '882 Patent because it makes, uses, sells, and offers for sale at least the Blaze and the Surge fitness tracker products (hereinafter referred to collectively as "the Accused Products"). The Accused Products monitor a subject using acquired 6-DOF data regarding the subject as well as acquired physiological data of the subject.

13. Upon information and belief, the Accused Products are attachable to the wrist of a user and includes at least an accelerometer and gyroscope for providing data from which 6-DOF movement information descriptive of the movement of the user is obtained. Upon information and belief, the Accused Products include, at least, a heart rate sensor for obtaining physiological data of the user. The Accused Products synchronize the 6-DOF data with obtained physiological data of the subject and display the synchronized 6-DOF and physiological data and display the synchronized data on, at least, the displays of the Accused Products. Additionally, or alternatively, the synchronized data is displayed on an external device, such as a smart phone, tablet, or computer, via Fitbit's software application (the Fitbit App). By way of example only, at least the Accused Products in the past directly infringed and continue to directly infringe at least claim 8 of the '882 Patent.

14. By providing at least the Accused Products, Fitbit has, in the past and continues to induce its customers and/or end users to infringe at least claim 8 of the '882 Patent. For example, end users of at least the Accused Products directly infringe at least claim 8 of the '882

Patent when using the Accused Products to, at least, monitor their heart rate, active minutes, calories burned, heart rate zone training, and/or sleep tracking.

15. On information and belief, Fitbit possessed a specific intent to induce infringement by at a minimum, providing user guides and other sales-related materials, and by way of advertising, solicitation, and provision of product instruction materials, that instruct its customers and end users on the normal operation of at least the Accused Products including heart rate, active minutes, calories burned, heart rate zone training, and/or sleep tracking features that infringe the '882 Patent.

16. By providing the Accused Products, Fitbit has in the past and continues to contribute to the infringement of their customers and/or end users of at least claim 8 of the '882 Patent.

17. Upon information and belief, the heart rate, active minutes, calories burned, heart rate zone training, and/or sleep tracking features of the Accused Products have no substantial non-infringing uses, and Fitbit knows that these features are especially made or especially adapted for use in a product that infringes the '882 Patent.

18. Smart Wearables has been damaged as a result of Fitbit's infringing conduct. Fitbit, thus, is liable to Smart Wearables in an amount that adequately compensates Smart Wearables for Fitbit's infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## **PRAYER FOR RELIEF**

Smart Wearables requests that the Court find in its favor and against Fitbit, and that the Court grant Smart Wearables the following relief:

a. Judgment that one or more claims of the '882 Patent have been infringed, either literally and/or under the doctrine of equivalents, by Fitbit;

b. Judgment that Fitbit account for and pay to Smart Wearables all damages to and costs incurred by Smart Wearables because of Fitbit's infringing activities and other conduct complained of herein;

    c.    That Fitbit, its officers, agents, servants and employees, and those persons in active concert and participation with any of them, be permanently enjoined from infringement of the '882 Patent.  In the alternative, if the Court finds that an injunction is not warranted, Smart Wearables requests an award of post judgment royalty to compensate for future infringement;

    d.    That Smart Wearables be granted pre-judgment and post-judgment interest on the damages caused to it by reason of Fitbit's infringing activities and other conduct complained of herein;

    e.    That this Court declare this an exceptional case and award Smart Wearables its reasonable attorney's fees and costs in accordance with 35 U.S.C. § 285; and

    f.    That Smart Wearables be granted such other and further relief as the Court may deem just and proper under the circumstances.

## JURY DEMAND

Plaintiff hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated:  November 14, 2016

SMART WEARABLE TECHNOLOGIES, INC.
By Counsel

/s/ Mark D. Obenshain

Mark D. Obenshain (VSB # 27476)
Justin M. Wolcott (VSB # 83367)
OBENSHAIN LAW GROUP
420 Neff Avenue, Suite 130
Harrisonburg, VA 22801
Telephone: (540) 208-0727
Facsimile: (540) 266-3568
Email: mdo@obenshainlaw.com
Email: jmw@obenshainlaw.com
*Counsel for Plaintiff Smart Wearable Technologies Inc.*

*Of Counsel:*

Michael T. Cooke (*Admitted Pro Hac Vice*)
Corby R. Vowell (*Admitted Pro Hac Vice*)
Richard A. Wojcio Jr. (*Admitted Pro Hac Vice*)
FRIEDMAN, SUDER & COOKE
Tindall Square Warehouse No. 1
604 East 4th Street, Suite 200
Fort Worth, TX 76102
Telephone:  (817) 334-0400
Facsimile:  (817) 334-0401
Email: mtc@fsclaw.com
Email: vowell@fsclaw.com
Email: wojcio@fsclaw.com