CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 29 2017

JULIA DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| SMART WEARABLE TECHNOLOGIES INC., | )<br>)<br>) |
| Plaintiff, | )<br>) Civil Action No. 3:16CV00077<br>) |
| | ) **MEMORANDUM OPINION**<br>) |
| v. | )<br>) By: Hon. Glen E. Conrad |
| FITBIT, INC., | ) United States District Judge<br>) |
| Defendant. | )<br>) |

Smart Wearable Technologies Inc. ("Smart Wearable") filed this action against Fitbit, Inc. ("Fitbit") for alleged infringement of U.S. Patent No. 6,997,882 B1 ("the '882 Patent"). Based on the United States Supreme Court's recent decision in TC Heartland LLC v. Kraft Foods Group Brands LLC, 137 S. Ct. 1514 (2017), Fitbit has moved to transfer venue. For the reasons set forth below, the court will grant the motion and transfer the case to the United States District Court for the Northern District of California.

## Background

On April 29, 2016, the United States Court of Appeals for the Federal Circuit reaffirmed its longstanding rule that, in actions for patent infringement, venue is proper in any judicial district in which a corporate defendant is subject to personal jurisdiction. See In re TC Heartland LLC, 821 F.3d 1338, 1345 (Fed. Cir. 2016), rev'd, 137 S. Ct. 1514 (2017).

Approximately six months later, Smart Wearable filed the instant action against Fitbit, a Delaware corporation based in San Francisco, California, asserting claims of direct and indirect infringement of the '882 Patent. Consistent with the then-controlling venue rule, Smart Wearable relied on its allegations establishing personal jurisdiction in the Western District of Virginia to

support the assertion that venue is proper in this district. See Compl. ¶ 4, Docket No. 1 ("For all of these reasons, personal jurisdiction exists and venue is proper in this Court . . . .").

On February 17, 2017, Fitbit moved to dismiss the claims of indirect infringement under Rule 12(b)(6) of the Federal Rules of Civil Procedure. On April 6, 2017, the motion was granted in part and denied in part, and Smart Wearable was granted leave to file an amended complaint. Smart Wearable filed an amended complaint, containing the same venue allegations, on April 18, 2017.

On May 9, 2017, Fitbit moved to dismiss certain portions of the amended claims of indirect infringement, pursuant to Rule 12(b)(6). That same day, Fitbit filed an answer to the amended complaint. Although Fitbit did not move to dismiss for improper venue under Rule 12(h)(3) of the Federal Rules of Civil Procedure, Fitbit included an affirmative defense directed to the possibility that the Supreme Court would change the venue rule applied in patent cases. See Answer ¶ 26, Docket No. 44 ("Venue is improper in this judicial district under 28 U.S.C. § 1400(b). Among other things, Fitbit expect[s] that the Supreme Court's upcoming decision in In re TC Heartland LLC (No. 2016-105) will change the Federal Circuit['s] current nation-wide venue rule pursuant to which this case has been brought.").

The Supreme Court issued its decision in TC Heartland on May 22, 2017. In TC Heartland, the Court reversed the Federal Circuit's longstanding holding that the patent venue statute, 28 U.S.C. § 1400(b), incorporates the broader definition of corporate "residence" contained in 28 U.S.C. § 1391(c). TC Heartland, 137 S. Ct. at 1520. The Court instead held that "a domestic corporation 'resides' only in its State of incorporation for purposes of the patent venue statute." Id. at 1517.

On June 14, 2017, Fitbit filed the instant motion to transfer venue, contending that in light of TC Heartland, venue is improper in this district. In response to the motion, Smart Wearable acknowledges that venue is improper. However, Smart Wearable argues that Fitbit waived the defense of improper venue by not raising it in either of the motions previously filed under Rule 12(b). In reply, Fitbit argues that the defense of improper venue was not available until the Supreme Court decided TC Heartland, and thus that the defense was not waived.

The court held a hearing on Fitbit's motion on August 10, 2017. The matter has been fully briefed and is ripe for review.

## Standard of Review

When an objection to venue is raised, the plaintiff generally bears the burden of establishing that venue is proper. See Colonna's Shipyard, Inc. v. City of Key West, 735 F. Supp. 2d 414, 416 (E.D. Va. 2010). However, because venue is considered a "personal privilege[] of the defendant," rather than an "absolute stricture[] on the court," Leroy v. Great W. United Corp., 443 U.S. 173, 180 (1979), a defendant may waive its privilege to demand a proper venue if it does not make a "timely and sufficient objection," 28 U.S.C. § 1406(b).

Rule 12(b) of the Federal Rules of Civil Procedure provides that every defense to a claim for relief must be asserted in a responsive pleading if one is required, and that certain defenses, including the defense of improper venue, may be asserted by motion. See Fed. R. Civ. P. 12(b). As a general rule, the defense of improper venue is waived if it is not raised in the first motion filed under Rule 12. See Fed. R. Civ. P. 12(g)(2). This rule, however, extends only to defenses that were "available to the party" at that earlier time. Id. Thus, a defendant does not waive the defense of improper venue if such defense was unavailable at the time the defendant filed its first Rule 12 motion. A defense is unavailable if "its legal basis did not exist at the time of the answer

3

or pre-answer motion." Gilmore v. Palestinian Interim Self-Government Auth., 843 F.3d 958, 964 (D.C. Cir. 2016) (citation and internal quotation marks omitted).

## Discussion

### I. Change in the law of venue

In patent infringement actions, venue is proper "in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). In 1957, the Supreme Court concluded that, for purposes of the patent venue statute, a domestic corporation "resides" only in its state of incorporation. See Fourco Glass Co. v. Transmirra Prods. Corp., 353 U.S. 222, 226 (1957). In reaching its decision, the Court rejected the argument that § 1400(b) incorporates the broader definition of "residence" contained in the general venue statute, 28 U.S.C. § 1391(c). See id. at 228-29.

Although Congress has not amended the patent venue statute since Fourco was decided, it has amended the general venue statute on two occasions. In 1988, Congress amended § 1391(c) to provide that "[f]or purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." TC Heartland, 13 S. Ct. at 1519 (emphasis added) (citation omitted). Because §§ 1391 and 1400 are located in the same chapter of the United States Code, the amendment prompted the question of whether Congress had statutorily overruled Fourco. In VE Holding Corp. v. Johnson Gas Appliance Co., 917 F.2d 1574 (Fed. Cir. 1990), the Federal Circuit answered that question in the affirmative. The Court reasoned that the phrase "[f]or purposes of venue under this chapter" is "exact and classic language of incorporation," Id. at 1579, and that

4

§ 1391(c) therefore provides the definition of "residence" for all other venue statutes in the same chapter, Id. at 1580. Because § 1400(b) falls within the relevant chapter, the Federal Circuit concluded that § 1391(c) "clearly applies to § 1400(b), and thus redefines the meaning of the term 'resides' in that section." Id. at 1578. Accordingly, the Court held that "the first test for venue under § 1400(b) with respect to a defendant that is a corporation, in light of the 1988 amendments to § 1391(c), is whether the defendant was subject to personal jurisdiction in the district of suit at the time the action was commenced." Id. at 1584.

"Following VE Holding, no new developments occurred until Congress adopted the current version of § 1391 in 2011 (again leaving § 1400(b) unaltered)." TC Heartland, 137 S. Ct. at 1520 (citation omitted). Section 1391(a) now provides that, "[e]xcept as otherwise provided by law," "this section shall govern the venue of all civil actions brought in district courts of the United States." 28 U.S.C. § 1391(a). Section 1391(c)(2), in turn, provides that, "[f]or all venue purposes," certain entities, "whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." 28 U.S.C. § 1391(c)(2).

In 2016, the Federal Circuit reaffirmed VE Holding, reasoning that the 2011 amendments to § 1391 provided no basis to alter its prior decision. See In re TC Heartland LLC, 821 F.3d at 1341-42. For 27 years, from 1990 until 2017, "VE Holding remanded binding precedent on this [c]ourt, and every other district court relative to patent litigation." Simpson Performance Prods. v. Mastercraft Safety, No. 5:16-CV-00155-RLV-DCK, 2017 U.S. Dist. LEXIS 134609, 2017 WL 3620001, at *6 (W.D.N.C. Aug. 22, 2017). Under the Federal Circuit's interpretation of § 1400(b), venue was proper in this district at the time this action was filed.

5

As Fitbit predicted in its answer, however, the Supreme Court abrogated the Federal Circuit's longstanding patent venue rule on May 22, 2017, when it decided TC Heartland. The question presented in TC Heartland was "where proper venue lies for a patent infringement lawsuit brought against a domestic corporation." 137 S. Ct. at 1516. After considering the amendments to § 1391(c) in the years since Fourco was decided, the Supreme Court concluded that the "amendments to § 1391 did not modify the meaning of § 1400(b) as interpreted by Fourco." Id. at 1517. The Court therefore reversed the Federal Circuit and held that "a domestic corporation 'resides' only in its State of incorporation for purposes of the patent venue statute." Id. Under this standard, the parties agree that venue is improper in this district.

## II. Waiver

Rather than challenging the propriety of venue in this district, Smart Wearable argues that Fitbit waived the defense of improper venue by failing to raise it in the motions previously filed under Rule 12. Although a party is generally held to have waived the defense of improper venue if that party failed to raise it in a motion previously filed under Rule 12, an exception exists if the defense was not "available to the party" at that earlier time. See Fed. R. Civ. P. 12)(g)(2). As indicated above, Fitbit argues that its venue challenge was previously foreclosed by controlling circuit precedent, and that the defense did not become available until the Supreme Court decided TC Heartland. In other words, Fitbit maintains that TC Heartland constitutes an intervening change in the law sufficient to avoid waiver. See Holland v. Big River Minerals Corp., 181 F.3d 597, 605 (4th Cir. 1999) (explaining that an exception to the general rule of waiver exists "when there has been an intervening change in the law recognizing an issue that was not previously available," and that the exception applies "when 'there was strong precedent' prior to the change such that the failure to raise the issue was not unreasonable and the opposing party was not

6

prejudiced by the failure to raise the issue sooner") (quoting Curtis Publ'g Co. v. Butts, 388 U.S. 130, 143 (1967)).

A steadily increasing number of district courts have considered this same issue—whether TC Heartland constitutes an intervening change in the law such that the defense of improper venue was not available prior to that decision. As of July 2017, when the parties completed briefing on the pending motion, the "clear trend . . . [was] to hold that TC Heartland is not an intervening change in the law." Hand Held Prods., Inc. v. Code Corp., No. 2:17-167-RMG, 2017 U.S. Dist. LEXIS 112932, 2017 WL 3085859, at *3 (D.S.C. July 18, 2017) (citing cases, including Cobalt Boats, LLC v. Sea Ray Boats, Inc., No. 2:15-21, 2017 U.S. Dist. LEXIS 90728, 2017 WL 2556679, at *3 (E.D. Va. June 7, 2017), in which the district court held that, "[b]ased on the Supreme Court's holding in TC Heartland, Fourco has continued to be binding since it was decided in 1957, and thus, it has been available to every defendant since 1957"). Since that time, a growing number of district courts have reached the opposite conclusion. See, e.g., Simpson Performance Prods., 2017 U.S. Dist. LEXIS 134609, 2017 WL 3620001, at *5 ("Having considered the opposing arguments and district court opinions, this Court concludes that TC Heartland constitutes an intervening change in the law."); Maxchief Invs., Ltd. v. Plastic Dev. Grp., LLC, No. 3:16-cv-63, 2017 U.S. Dist. LEXIS 128432, 2017 WL 3479504, at *4 (E.D. Tenn. Aug. 14, 2017) ("[T]his court finds it difficult to describe TC Heartland as anything other than a significant change in the law on venue. To do otherwise would ignore the long-standing significance of the VE Holding decision and the reliance upon it for many years."); Cutsforth, Inc. v. LEMM Liquidating Co., No. 12-cv-1200, 2017 U.S. Dist. LEXIS 123556, 2017 WL 3381816, at *4 (D. Minn. Aug. 4, 2017) ("[T]o hold that Fourco remained good law at all times over the last twenty-seven years, and thus that [the defendant] should have raised the improper venue defense at

7

the time this case was filed, effectively ignores reality."); OptoLum, Inc. v. Cree, Inc., No. CV-16-03828-PHX-DLR, 2017 U.S. Dist. LEXIS 114717, 2017 WL 3130642, at *5 (D. Ariz. July 24, 2017) ("To suggest that the defense of improper venue has always been available, and that TC Heartland did not effect a change in the law because it merely affirms the viability of Fourco, ignores the significant impact of VE Holding and the patent bar's reliance on the case for nearly three decades.") (citation and internal quotation marks omitted).

After carefully considering the decisions on both sides of the issue, the court agrees with Fitbit that TC Heartland significantly changed the law of venue in actions for patent infringement. "For the first time in 27 years, a defendant may argue credibly that venue is improper in a judicial district where it is subject to a court's personal jurisdiction but where it is not incorporated and has no regular and established place of business." Westech Aerosol Corp. v. 3M Co., No. C17-5067-RBL, 2017 U.S. Dist. LEXIS 95768, 2017 WL 2671297, at *2 (W.D. Wash. June 21, 2017). This precise argument was previously foreclosed by controlling Federal Circuit precedent. Thus, as a practical matter, the legal basis for Fitbit's motion to transfer was unavailable prior to TC Heartland. Fitbit therefore did not waive the venue challenge by failing to raise it in its earlier motions. See Gucci Am., Inc. v. Weixing Li, 768 F.3d 122, 135-36 (2d Cir. 2014) (holding that a defendant cannot be deemed to have waived a defense that would have been directly contrary to then-existing circuit precedent).

The court notes, however, that even if it were to accept the plaintiff's argument that the defense of improper venue was always available under Fourco, the court's decision on the issue of waiver would remain the same. Based on the particular facts and circumstances of the instant case, the court finds that Fitbit did not act unreasonably in failing to raise the issue earlier and that granting the motion to transfer will not unduly prejudice the plaintiff. Unlike several of the cases

8

in which defendants were found to have waived the defense of improper venue, this case is still in the relatively early stages of litigation. See, e.g., Cobalt Boats, 2017 U.S. Dist. LEXIS 90728, 2017 WL 255679, at *2 (noting that defendants indicated less than three weeks before trial that they wanted to challenge venue); Elbit Sys. Land v. Hughes Network Sys., LLC, No. 2:15-CV-00037-RWS-RSP, 2017 U.S. Dist. LEXIS 94495, 2017 WL 2651618, at *19 (E.D. Tex. June 20, 2017) (noting that the defense of improper venue was raised less than two months prior to trial). The Markman* hearing is three months away and the trial is not scheduled to begin until November 5, 2018. Moreover, there is no indication of any intentional delay on the part of Fitbit in seeking to transfer venue. Fitbit objected to venue in its answer and then filed the instant motion less than one month after TC Heartland was decided. Under these circumstances, the court finds that Fitbit has not waived the defense of improper venue.

### III. Transfer

Because it is undisputed that Fitbit is not incorporated in Virginia and does not maintain a regular and established place of business in this district, venue is improper. See 28 U.S.C. § 1400(b); TC Heartland, 137 S. Ct. at 1517. Rather than dismissing the case for improper venue, the court finds that the interest of justice would be served by transferring the case to a district in which it could have been brought initially. See 28 U.S.C. § 1406(a). The record indicates that the vast majority of Fitbit's employees, including the principal designers of the accused products, work in Fitbit's San Francisco offices, where Fitbit's documents are also stored. Accordingly, the court will exercise its discretion to transfer the case to the Northern District of California, where Fitbit has a regular and established place of business and is alleged to have committed acts of infringement. See 28 U.S.C. § 1400(b).

---

* Markman v. Westview Instruments, Inc., 52 F.3d 967 (Fed. Cir. 1995) (en banc), aff'd, 517 U.S. 370 (1996).

## Conclusion

For the reasons stated, the court will grant Fitbit's motion to transfer venue. The Clerk is directed to send copies of this memorandum opinion and the accompanying order to all counsel of record.

DATED: This 29th day of August, 2017.

_____
United States District Judge