UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SMART WEARABLE TECHNOLOGIES INC., <br><br> Plaintiff, <br><br> v. <br><br> FITBIT INC, <br><br> Defendant. | Case No. 17-cv-05068-VC <br><br> **ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** <br> Re: Dkt. No. 80 |

Fitbit's motion for summary judgment of noninfringement against Smart Wearable Technologies ("SWT") is granted.

The accused devices, the Fitbit Blaze and the Fitbit Surge, are "activity trackers" – watch-like devices that can measure a person's heart rate, steps taken, distance covered, calories burned, and other data related to daily movement and activity. In its infringement contentions, which were served in April 2017, SWT alleges that the Blaze and the Surge infringe claim 8 of the '882 patent. Claim 8 describes a method of gathering and displaying "six degrees of freedom information," which is one way of describing an individual's movement. Specifically, SWT's infringement contentions allege that both the Blaze and the Surge use a combination of two sensors – an accelerometer and a gyroscope – to gather data that is then used generate six degrees of freedom information about a person's movement. However, the record contains no evidence that the Blaze and the Surge do what SWT alleges.

The Blaze does not even have a gyroscope. It only has an accelerometer and a nonfunctional magnetometer. Demarest Decl. (Dkt. No. 80-14) ¶¶ 3-8; Niehaus Decl. (Dkt. No. 79-6) ¶¶ 3-4. At the summary judgment hearing, SWT did not dispute the absence of a

gyroscope in the Blaze. Instead, SWT argued that the Blaze might infringe by using its accelerometer combined with its magnetometer or by using multiple accelerometers. However, these theories are both unsubstantiated and outside the scope of SWT's infringement contentions.

The Surge does have a gyroscope, but it is not operational. Specifically, the Surge has a stand-alone accelerometer as well as a combined sensor that includes a gyroscope, magnetometer, and accelerometer all in one. However, the only evidence in the record on this point shows that only the stand-alone accelerometer is used and that the Surge does not collect data from the sensor with the gyroscope. Demarest Decl. ¶¶ 9-17; Niehaus Decl. ¶¶ 5-9. Although SWT argues that the Surge *could* be programmed to collect data from the gyroscope, simply alleging that a device has the theoretical capability to infringe is not enough to rebut specific evidence that it does not. *See Dynacore Holdings Corp. v. U.S. Philips Corp.*, 363 F.3d 1263, 1277 (Fed. Cir. 2004).

SWT also asserts that it intends to seek leave to amend its infringement contentions to allege new infringement theories involving the other sensors. But intending to seek leave is not enough. SWT has not acted diligently in moving to amend its infringement contentions in a timely manner. *See* Patent L.R. 3-6; *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1362-68 (Fed Cir. 2006). In May 2017, Fitbit put SWT on notice that neither device uses a gyroscope to calculate six degrees of freedom information, offering access to Fitbit's source code so that SWT could look for itself. Roberts Decl. Ex. E (Dkt. No. 79-8). Nevertheless, SWT did not seek leave to amend its contentions. Nor did SWT seek leave to amend when the case was transferred to this district in September 2017. Nor did SWT act after Fitbit explained its theory of noninfringement at the case management conference the following month. Dkt. No. 85 at 6:19-8:6, 13:25-14:9. If the Court were to allow SWT to skirt the Local Rules and assert a new theory of infringement at this stage, the rule requiring infringement contentions would be meaningless. After all, the purpose of infringement contentions is to put the defendant on notice of the plaintiff's theory of liability and to shape the scope of discovery and litigation. *See O2 Micro*, 467 F.3d at 1365-66. Fitbit is therefore entitled to summary judgment for the simple

reason that SWT's infringement contentions assert theories of infringement that are demonstrably wrong.

Although this is enough on its own, even if SWT had amended its contentions to claim that the devices were infringing using their other sensors, Fitbit would prevail on summary judgment. As to the Blaze, Fitbit has provided unrebutted evidence that the magnetometer is not initialized, meaning that the magnetometer never gathers data, so it cannot be used to calculate six degrees of freedom information. The same is true of the Surge. Neither the second accelerometer nor the magnetometer is initialized in the source code. Nor is the combined accelerometer-gyroscope-magnetometer sensor activated to be able to output motion-sensing data to the Surge's processor. Demarest Decl. ¶¶ 14-17; Niehaus Decl. ¶¶ 3-4, 7-8. In other words, and to put it more simply, Fitbit has presented unrebutted evidence that the devices don't generate "six degrees of freedom information," which means they cannot infringe claim 8 of the patent.

SWT intones that it has provided evidence to create a genuine fact issue on these questions, but it has not. Simply arguing that Fitbit has not explained why its devices have unused sensors does not create a dispute of material fact about whether the devices infringe. Nor does pointing to Fitbit's other patents and patent applications to suggest that Fitbit has contemplated different sensor combinations for measuring movement. And SWT's arguments based on Fitbit's "non-form-factor schematics" are not relevant because the schematics reflect development-stage designs and not necessarily the devices' final structures. Monaco Decl. (Dkt. No. 95-1) ¶ 15; Roberts Reply Decl. Ex. A (Dkt. No. 99-5) at 72:2-12.

Therefore, Fitbit's motion for summary judgment is granted.

**IT IS SO ORDERED.**

Dated: February 1, 2018

_____
VINCE CHHABRIA
United States District Judge