DURIE TANGRI LLP
CLEMENT S. ROBERTS (SBN 209203)
croberts@durietangri.com
TIMOTHY C. SAULSBURY (SBN 281434)
tsaulsbury@durietangri.com
EUGENE NOVIKOV (SBN 257849)
enovikov@durietangri.com
217 Leidesdorff Street
San Francisco, CA 94111
Telephone: 415-362-6666
Facsimile: 415-236-6300

Attorneys for Defendant
FITBIT, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SMART WEARABLE TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> FITBIT, INC., <br><br> Defendant. | Case No. 3:17-cv-05068-VC <br><br> **DECLARATION OF EUGENE NOVIKOV IN SUPPORT OF FITBIT, INC.'S MOTION FOR ATTORNEY FEES AND COSTS UNDER 35 U.S.C. § 285 AND RENEWAL OF FITBIT'S MOTION FOR SANCTIONS UNDER RULE 11** <br><br> Date: May 10, 2018 <br> Time: 10:00 a.m. <br> Ctrm: 4, 17th Floor <br> Judge: Honorable Vince Chhabria |

I, Eugene Novikov, declare as follows:

1. I am an attorney with the law firm of Durie Tangri LLP ("Durie Tangri"), counsel for Defendant Fitbit, Inc. ("Fitbit") in the above-captioned matter. I have personal knowledge of the facts set forth herein, and if called upon to testify, I could and would testify competently and completely to the statements made herein.

2. I have a degree in Economics from the University of Pennsylvania. In 2008, I received my J.D. from the University of Pennsylvania Law School. I currently work at Durie Tangri, where my practice focuses on high-tech intellectual property litigation, with a particular emphasis in patent litigation. Prior to joining Durie Tangri, I worked as an associate at Quinn Emanuel Urquhart and Sullivan. I have spent much of my career on intellectual property cases for clients in the internet space, materials science, semiconductor technology, fashion and other fields. From September 2013 until September 2016 I worked for the U.S. Department of State and was not practicing law during that time; thus, my duration of experience in legal practice is equivalent to that of an associate who graduated law school in 2011 and practiced continuously.

3. My 2017 and 2018 standard commercial rate was $550.00 per hour, which I routinely charged to the clients whom I bill for my services, and I am informed and believe that this rate is reasonable and customary for an attorney of my experience and caliber practicing in the San Francisco, California area. According to the American Intellectual Property Law Association (AIPLA) 2017 survey (true and correct excerpts of which are attached as Exhibit A to this Declaration ("AIPLA survey")), the first quartile and third quartile average hourly billing rate in 2016 for an intellectual property associate in the San Francisco Bay Area are $413 and $529, respectively.

4. My colleague, Clement S. Roberts, received his undergraduate degree with honors from Harvard College in Social Studies. He received his J.D. from Harvard Law School in 2000 with honors. Mr. Roberts is a founding partner at Durie Tangri, where his practice focuses on intellectual property litigation and on complex commercial cases with a high-technology component.

5. Mr. Roberts' 2017 standard commercial rate was $750 per hour, which he routinely charged the clients whom he bills for his services. His current 2018 rate is $800 per hour. I am informed and believe that these rates reasonable and customary for a partner of his experience and caliber practicing

in the San Francisco, California area. According to the AIPLA Survey, the first quartile and third quartile average hourly billing rate in 2016 for an intellectual property partner in the San Francisco Bay Area are $478 and $798, respectively. *See* Ex. A.

6. My colleague, Mr. Timothy C. Saulsbury, received his Economics degree with distinction from the University of Virginia in 2007. He received his J.D. from Stanford University in 2010 where he served as Co-Editor in Chief for the Stanford Technology Law Review. Mr. Saulsbury's practice focuses on intellectual property litigation and policy. Before joining Durie Tangri, Mr. Saulsbury was an associate at Weil, Gotshal & Manges and served as a law clerk to the Honorable Kathleen M. O'Malley, both at the United States Court of Appeals for the Federal Circuit and previously at the United States District Court for the Northern District of Ohio.

7. Mr. Saulsbury's 2017 standard commercial rate was $550 per hour, which he routinely charged the clients whom he bills for his services. Mr. Saulsbury became a partner at Durie Tangri LLP at the beginning of this year and his current 2018 rate is $570 per hour. I am informed and believe that these rates are reasonable and customary for a senior associate and subsequently a partner of his experience and caliber practicing in the San Francisco, California area, and consistent with the AIPLA survey numbers set forth above.

8. My colleague, Mr. James Tsuei, received his degree in Political Science from the University of California, Los Angeles in 2009. He received his J.D. from University of Pennsylvania Law School and graduated cum laude in 2012 where he served as research editor and was a member of the school's Supreme Court Clinic. Mr. Tsuei's practice focuses on patent litigation and trade secret cases relating to industries including commercial spaceflight, LEDs, printer cartridges, cloud-computing, online gaming, and enterprise software design. Before joining Durie Tangri, Mr. Tsuei was an associate at Quinn Emanuel Urquhart & Sullivan.

9. Mr. Tsuei's 2017 & 2018 standard commercial rate was $550 per hour, which he routinely charged the clients whom he bills for his services. I am informed and believe that this rate is reasonable and customary for an associate of his experience and caliber practicing in the San Francisco, California area, and generally consistent with the ranges in the AIPLA survey rates discussed above.

10. I have maintained time records for this case in the same manner as I maintain time records

for all my other cases.  Throughout the course of each day, I record, in tenths of an hour, the time spent on specific tasks for my work that day.  I am familiar with the procedures used by other Durie Tangri attorneys and staff members in maintaining their time.  Attorneys and staff members typically record, in tenths of an hour, the time spent on specific tasks for their work that day, and enter their time directly into the firm's time management program.  This can be done either using a contemporaneous timer or by entering time directly into the system.  Occasionally, employees may not enter their time on the day it was performed, for example, due to travel or other obligations.  However, our firm policies require that weekly time is entered, at the very latest, by the following Monday morning.

11. Pursuant to Civil Local Rule 54-5(b)(2), I provide the following statement of the services I have rendered in this case and summary of the time I have spent providing those services.  At the Court's request, and pursuant to Civil Local Rule 54-5(b)(2), I am prepared to produce Durie Tangri's contemporary time records or an abstract thereof for in camera inspection by the Court, if the Court deems it appropriate.

12. I have had a substantial role in the *Smart Wearable Technologies Inc. v. Fitbit* case since March 2017.  My major projects in this matter have been:  (1) initial review and analysis, (2) working on the joint case management statement and negotiating the protective order and scheduling order, (3) drafting invalidity contentions, including supervising the joint defense group as then constituted to prepare claim charts and invalidity contentions, and drafting claim charts and contentions myself, (4) coordinating discovery, including: drafting correspondence, coordinating document production and source code inspection, drafting offensive discovery, and drafting discovery responses, (5) motions practice (including drafting substantial portions of the motions to dismiss, the motion to transfer, the motion for summary judgment, the motion for rule 11 sanctions, and the motion for fees), (6) drafting proposed claim constructions, and (7)  summary judgment hearing preparation.  Since March 2017, a significant amount of my billable time has been spent on the Smart Wearables matter.

13. I have billed the following time to Fitbit for this matter from when Durie Tangri was retained in January 2017 through February 20, 2018 (broken down generally by task category):

- 31.2 hours analysis and investigation
- 25.5 hours pleading and motions to dismiss

3
DECL. OF EUGENE NOVIKOV ISO FITBIT, INC.'S MOTION FOR ATTORNEY FEES AND COSTS
AND RENEWAL OF FITBIT'S MOTION FOR SANCTIONS/ CASE NO. 3:17-CV-05068-VC

- 15 hours CMCs and other procedural matters
- 32.5 hour written discovery
- 1.8 hours motion to transfer
- 52.1 hours motion for summary judgment
- 0.5 hours settlement
- 41.3 hours Rule 11 motion
- 1.8 hours case management
- 5.7 hours claim construction
- 12.6 hours document collection, review, and production
- 23.3 hours fees motion

14. Mr. Roberts has had a substantial role in the *Smart Wearable Technologies Inc. v. Fitbit* case since January 2017. As lead counsel on this matter, in addition to conducting initial review analysis and setting the strategy for the case, he has supervised the preparation of proposed claim constructions, supervised all the major briefing (including the motions to dismiss, motion to transfer, summary judgment motion, motion for sanctions, and motion for fees) and drafted substantial portions of the briefs, oversaw discovery, conducted prior art analysis, and argued the first motion to dismiss, the summary judgment motion, and the motion for sanctions. Since about March 2017, a significant amount of Mr. Roberts' billable time has been spent on the *Smart Wearable Technologies, Inc. v. Fitbit* matter.

15. Mr. Roberts has billed the following time to Fitbit for this matter from when Durie Tangri was retained in January 2017 through February 20, 2018 (broken down generally by task category):

- 41.6 hours analysis and investigation
- 45.6 hours pleading and motions to dismiss
- 14 hours CMCs and other procedural matters
- 21 hour written discovery
- 30.7 hours motion to transfer
- 55.3 hours motion for summary judgment
- 2.5 hours settlement
- 62.2 hours Rule 11 motion

4
DECL. OF EUGENE NOVIKOV ISO FITBIT, INC.'S MOTION FOR ATTORNEY FEES AND COSTS
AND RENEWAL OF FITBIT'S MOTION FOR SANCTIONS/ CASE NO. 3:17-CV-05068-VC

- 1.7 hours case management
- 11.1 hours claim construction
- 4.9 hours document collection, review, and production
- 15.1 hours fees motion

16. Mr. Saulsbury has had a substantial role in the *Smart Wearable Technologies Inc. v. Fitbit* case since January 2017. His major projects in this matter have been: (1) coordinating document production and source code inspection and related meet and confers and disputes, (2) drafting claim charts and invalidity contentions and conducting prior art searches, (3) drafting offensive discovery and discovery responses, (4) overseeing motion practice and drafting substantial portions of the motion to transfer, motion for summary judgment, motions for sanctions, and motion for fees, (5) defensive deposition preparation and defense related to the motion for summary judgment, (6) preparation for the summary judgment hearing, and (7) arguing the motion to transfer. Since about March 2017, a significant amount of Mr. Saulsbury's billable time has been spent on the *Smart Wearable Technologies, Inc. v. Fitbit* matter.

17. Mr. Saulsbury has billed the following time to Fitbit for this matter from when Durie Tangri was retained in January 2017 through February 20, 2018 (broken down generally by task category):

- 32.4 hours analysis and investigation
- 5.5 hours pleading and motions to dismiss
- 7.6 hours CMCs and other procedural matters
- 47.3 hour written discovery
- 18.4 hours motion to transfer
- 78.5 hours motion for summary judgment
- 2.6 hours settlement
- 26.6 hours Rule 11 motion
- 0.9 hours case management
- 0.8 hours claim construction
- 32.6 hours document collection, review, and production

- 6.1 hours fees motion

18. Mr. Tsuei has had a substantial role in the *Smart Wearable Technologies Inc. v. Fitbit* case since January 2017. His major projects in this matter have been: (1) initial review and analysis, (2) drafting the motions to dismiss, (3) working on the joint case management statement and negotiating the protective order and scheduling order, (4) drafting offensive discovery and discovery responses and managing the production of documents, and (5) drafting invalidity contentions, conducting prior art searches, drafting claim charts, and drafting the contentions.

19. Mr. Tsuei has billed the following time to Fitbit for this matter from when Durie Tangri was retained in January 2017 through February 20, 2018 (broken down generally by task category):

- 13.4 hours analysis and investigation
- 18.2 hours pleading and motions to dismiss
- 0.7 hours CMCs and other procedural matters
- 18.3 hour written discovery
- .2 hours case management
- 3.5 hours document collection, review, and production

20. Occasionally, other Durie Tangri attorneys have billed time to the *Smart Wearable Technologies, Inc. v. Fitbit, Inc.* matter. The following Durie Tangri partners have assisted with strategic guidance and with discrete projects:

- Name partner Daralyn Durie, 1.5 hours at an hourly rate of $860.00 per hour. Ms. Durie provided strategic guidance on the motion for sanctions.
- Partner Mark Lemley (who is also the William H. Neukom Professor of Law at Stanford Law School), 1.8 hours at an hourly rate of $960.00 per hour. Mr. Lemley provided strategic guidance on the motion to transfer venue.

Each of these partners has substantial expertise in intellectual property litigation. A summary of these partners' credentials can be found on the Durie Tangri website. I am informed and believe that these rates are reasonable and customary for partners of their caliber and experience in the San Francisco, California area.

21. The following staff members have also billed time on this matter: Durie Tangri staff

members Brian Keeton (paralegal), Kevin Metti (paralegal), Jennifer DeForest (paralegal), Maria Lemus (case assistant), and Charles Weinroth (IT manager).

22. Mr. Keeton is a skilled paralegal. On the the *Smart Wearable Technologies, Inc. v. Fitbit* matter, he has document productions and assisted in finalizing and filing briefs, in addition to addressing other requests from the attorneys on the team. The billing rate for Mr. Keeton was $290.00 per hour in 2017 and 2018. I am informed and believe that this rate is reasonable and customary for a paralegal in the San Francisco, California area.

23. Mr. Keeton billed the following time in this matter (broken down generally by task category):

- 2 hours analysis and investigation
- 6.5 hours pleading and motions to dismiss
- 3.7 hours CMCs and other procedural matter
- 19.2 hour written discovery
- 2.7 hours motion to transfer
- 39.6 hours motion for summary judgment
- 27.5 hours Rule 11 motion
- 2 hours case management
- 45.1 hours document collection, review, and production
- 37 hours fees motion

24. Mr. Metti and Ms. DeForest are skilled paralegals who both billed $290.00 per hour in 2017 and 2018. Mr. Metti billed 16.4 hours in this matter (all related to document production and the filing of briefs), and Ms. DeForest billed 11.3 hours in this matter (all related to the filing of briefs).

25. Ms. Lemus is a case assistant, who billed $210.00 per hour in 2017 and 2018. She billed 4.5 hours in this matter (all related to the filing of briefs).

26. Mr. Weinroth, who billed $130.00 per hour in 2017 and 2018, billed .8 hours in this matter, all related to making source code available for inspection in this case.

27. The total amount of hourly fees inputted into our billing system and attributable to this matter through February 20, 2018 (including the paralegal, case assistant, and IT fees discussed above) is

$595,638.00. Of that amount, $206,865.00 was recorded for work performed up to May 26, 2017, and $388,773.00 was recorded for work performed after May 26, 2017.

28.     Fitbit was billed on an hourly basis for work performed by Durie Tangri attorneys and staff in this matter in January and February 2017. Starting in March 2017, Durie Tangri began billing Fitbit a flat rate for work performed in this matter. The total amount of attorneys' fees actually billed to Fitbit by Durie Tangri in this matter through February 28, 2018 is $615,264.00.

29.     I anticipate that approximately an additional 65 attorney hours will be recorded in litigating the motion for fees between now and when the motion is heard in May. That estimate is based on the assumption that fully briefing and arguing the motion will require approximately 100 attorney hours. That estimate appears reasonable since the amount of attorney time required to brief and argue the Rule 11 motion was roughly 133 hours. Thus far, approximately 45 attorney hours have been recorded for the fees motion. Using the lowest rate among the attorneys working on this case (mine) to simplify the math and generate a conservative estimate, I estimate that approximately $35,750.00 in additional fees will be recorded to fully brief and argue the fees motion.

30.     Additionally, the Virginia law firm of Williams Mullen served as local counsel for Fitbit when the matter was in the Western District of Virginia in early- and mid-2017, providing advice on local practice and assistance with court filings and appearances. The attorneys and staff at Williams Mullen, along with their billing rates and hours billed are:

- Patrick Hanes (Partner), who bills $515.00 per hour, worked 31.4 hours on this matter;
- Robert Van Arman (Partner), who bills $450.00 per hour, worked 6.1 hours on this matter;
- Joseph Blackburn (Associate), who bills $345.00 per hour, worked 12.8 hours on this matter;
- Andrew Shores (Associate), who bills $350.00 per hour, worked .6 hours on this matter; and
- R.J. Thompson (Paralegal), who bills $220.00 per hour, worked 11 hours on this matter.

The biographies and qualifications of the attorneys can be found on Williams Mullen's website (www.williamsmullen.com). The total amount of attorneys' fees billed to Fitbit in this matter by Williams Mullen is $25,936.00. Of that amount, $15,674.50 was for work performed up to May 26,

2017, and $10,261.50 was for work performed after May 26, 2017.

31. The total amount of expert fees billed to Fitbit in this matter were $28,041.50, breaking down as follows:

- $1,350 billed by Dr. Joseph Paradiso, Alexander W. Dreyfoos Professor at the Massachusetts Institute of Technology, in support of Fitbit's motions for summary judgment and Rule 11 sanctions. Dr. Paradiso billed 6 hours to this matter at $225 dollars per hour. All work was performed after May 26, 2017.
- $26,691.50 billed by TechPats for the teardown of the accused devices and the preparation of the declaration of Scott Demarest. TechPats billed 57.3 hours to this matter at variable rates. All work was performed after May 26, 2017.

32. The total amount of other costs billed to Fitbit in this matter that were reasonably necessary in the defense of this case is $61,719.69. That amount includes:

- $55,800.17 billed by Fitbit's e-discovery vendor for document production and data hosting and extraction.
- $4,463.12 for travel to hearings in Virginia.
- $1,244.30 for the transcript for the deposition of Logan Niehaus.
- $152.40 for hearing transcripts.
- $59.70 for chambers copies of filings.

Of that amount, $25,721.78 is recoverable under Rule 54(d)(1) pursuant to the bill of costs being filed concurrently with this motion. Deducting that amount from the total so that it is not double-counted, Fitbit is seeking $35,997.91 in additional costs invoiced in this matter. Of that amount, $2,941.81 is for work performed before May 26, 2017, and $33,056.10 is for work performed after May 26, 2017.

33. I request an award of Fitbit's attorney's fees and costs in the sum of $721,363.41 ($595,638 + 35,750 + 25,936 + 28,041.50 + 35,997.91). That reflects the work performed by the Durie Tangri firm at the reasonable hourly rates of the time keepers (an amount slightly less than what was actually invoiced to Fitbit pursuant to the flat fee arrangement), the work anticipated to be performed by Durie Tangri attorneys to complete briefing and argument on this motion at their reasonable hourly rates,

1  the work performed by Fitbit's local counsel at their reasonable hourly rates, expert fees, and additional
2  costs not recoverable under Rule 54(d)(1).  Of that total, $225,481.31 reflects fees and costs for work
3  performed up to May 26, 2017, and $495,882.10 reflects fees and costs for work performed after May 26,
4  2017.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and accurate to the best of my knowledge.

Executed this 21st day of February, 2018 in San Francisco, California.

*/s/ Eugene Novikov*
EUGENE NOVIKOV

**CERTIFICATE OF SERVICE**

I hereby certify that on February 21, 2018 the within document was filed with the Clerk of the Court using CM/ECF which will send notification of such filing to the attorneys of record in this case.

*/s/ Clement S. Roberts*
CLEMENT S. ROBERTS