UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SMART WEARABLE TECHNOLOGIES INC., <br><br> Plaintiff, <br><br> v. <br><br> FITBIT INC, <br><br> Defendant. | Case No. 17-cv-05068-VC <br><br> **ORDER GRANTING DEFENDANT'S MOTIONS FOR SANCTIONS AND ATTORNEYS' FEES; ORDER RE MOTIONS TO SEAL** <br><br> Re: Dkt. Nos. 130, 131, 132, 152, 156, 157, 160, 163 |

Fitbit's motions for Rule 11 sanctions and attorneys' fees under 35 U.S.C. § 285 are granted. The conduct of both Smart Wearable and its lawyers in this litigation was plainly irresponsible and frivolous. Fitbit sent Smart Wearable a letter in May 2017 putting Smart Wearable's lawyers on notice of why the accused devices did not infringe on the theories that Smart Wearable had asserted. But even though Fitbit gave Smart Wearable a Fitbit engineer's declaration, an invitation to inspect the source code at Fitbit's offices, and the bill of materials for an accused device, Smart Wearable and its lawyers did not amend their infringement contentions (or even inspect the source code until much later). Instead, Smart Wearable boldly continued to assert its implausible (and, as the unrebutted evidence at summary judgment showed, impossible) theories of infringement at the case management conference on October 3, 2017. Moreover, Smart Wearable failed to conduct an adequate investigation into the plausibility of its claims by refusing to do a teardown of the devices – even after being informed that the devices did not contain or use the sensors as Smart Wearable alleged. This issue came up multiple times during the litigation, yet at no point did Smart Wearable offer a meaningful explanation for its refusal to

diligently investigate its claims.  Instead, even after these issues were raised at the October 3 case management conference, and even after Fitbit's motion for summary judgment was filed, Smart Wearable continued to assert infringement theories that were outside the scope of its contentions and unsupported by any real evidence.  *See* Order Granting Defendant's Motion for Summary Judgment (Dkt. No. 123); *see also Segan LLC v. Zynga Inc*, 131 F. Supp. 3d 956, 963-65 (N.D. Cal. 2015).

  Smart Wearable's lawyers assert that they were not given adequate notice that Fitbit would be seeking sanctions against them, but this argument is itself borderline frivolous.  Smart Wearable's lawyers have been given notice of the sanctions sought against them at every turn, and have had ample opportunity to respond through multiple rounds of briefing and hearings.  Indeed, at the summary judgment hearing on January 25, Smart Wearable's counsel described the pending sanctions motion against his law firm and argued, of his own accord, why the Court should not grant the motion.  That motion was virtually identical to the renewed sanctions motion that is now pending.  The language of the renewed sanctions motion leaves no doubt that Fitbit is seeking sanctions against Smart Wearable's lawyers.  *See, e.g.*, Fitbit's Renewed Motion for Sanctions at 4 (Dkt. No. 130) ("SWT and its counsel violated Federal Rule of Civil Procedure 11(b) through the following specific conduct . . . .").  Additionally, Fitbit's motion for attorneys' fees, which was noticed for a hearing on the same day as the renewed sanctions motion, asks the Court to find that opposing counsel violated Rule 11 and award attorneys' fees.  *See* Fitbit's Motion for Attorney Fees and Costs at i (Dkt. No. 132).  Thus, there is no reasonable argument that the lawyers were not given notice and an opportunity to be heard.  *See Weissman v. Quail Lodge, Inc.*, 179 F.3d 1194, 1198 (9th Cir. 1999); *Fed. Trade Comm'n v. Alaska Land Leasing, Inc.*, 799 F.2d 507, 510 (9th Cir. 1986) ("Notice before the imposition of sanctions may be actual or constructive."); *see also Washburn v. Morgado*, 332 F. App'x 380, 382 (9th Cir. 2009).  Nor do the cases cited by the lawyers support their argument that sanctions are barred simply because the notice of motion for sanctions does not name them – especially when the motion itself makes clear that sanctions are being sought against them, when they have come to court and argued

against sanctions, and when a concurrently filed notice of motion describes the sanctions being sought against them.

For these reasons and those stated at the hearing, the Court finds that a sanction of $222,937.66 is warranted.  This holds Smart Wearable and its lawyers jointly and severally liable under Rule 11 for Fitbit's section 285 attorneys' fees from the October 3 case management conference until the May 10 hearing.  This is a reduction from the requested total of $355,109.00, to account for the somewhat excessive billing associated with the motions for fees and sanctions, as discussed in Smart Wearable's papers.

Additionally, Fitbit's administrative motion to file under seal (Dkt. No. 131) is granted. Smart Wearable's administrative motion to file under seal (Dkt. No. 152) is granted in part and denied in part, based on Fitbit's responsive declaration (Dkt. No. 160).  The clerk of the court is directed to unseal the material Fitbit no longer seeks to seal (Dkt. Nos. 152-6, 152-8).

**IT IS SO ORDERED.**

Dated: June 27, 2018

VINCE CHHABRIA
United States District Judge